BENJAMIN R. SPENCER AND WIFE v. FREDERICK ANNESS.

In an action of trespass, for an alleged arrest and false imprisonment, the defendant may justify by showing probable cause for said arrest; but the facts or circumstances constituting such probable cause, must be set out in the plea, and must be sufficiently suspicious to induce a discreet person to believe that the party arrested was guilty of the felony complained of, and which had been committed.

On demurrer to plea.

This was an action of trespass, arising out of an alleged assault and false imprisonment of the wife of the plaintiff. The second plea, as a justification, alleges, that at the time in question, "some person, to the defendant then and still unknown, did feloniously steal, take and carry away from the person of the wife of the said defendant, a large sum of money," &c., and that the plaintiff's wife being, at the time when said larceny was discovered to have taken place, "near by said defendant's said wife, and being then and there wholly unknown to the said defendant, and her entire innocence being then and there wholly unknown and unsuspected by him, and her good character being also then and there wholly unknown to and unsuspected by him, and said Lilly C. Spencer being then and there, pointed out to the said defendant by a bystander, then and still unknown to the said defendant, and also by the police officer herein after mentioned, as being a person whom there was then and there probable cause to suspect of having committed said larceny," &c., and that the defendant, being thus led to believe, and honestly believing, the guilt of the wife of the plaintiff, did " then and there, without malice or evil intention, give" her into custody of the said police officer, &c.

There was a demurrer to this plea, which was argued before the CHIEF JUSTICE, and Justices ELMER, HAINES and BEDLE.

For the plaintiff, *C. H. Winfield.*

For the defendant, *Theo. Runyon.*

The opinion of the court was delivered by

BEASLEY, C. J. The plea, which has been demurred to, is not good, unless it contain facts which in law are sufficient to justify the arrest. The imprisonment of the wife of the plaintiff was legal, and consequently not actionable, if circumstances existed sufficiently suspicious to induce a discreet person to believe that she was guilty of the felony which had been committed. But these facts, constituting what in the books is called "probable cause," must be set out in the plea. *Mure* v. *Kaye et al.,* 4 *Taunt.* 34. In the plea now in hand, the facts stated are, simply, that the plaintiff's wife was near the wife of the defendant at the time the larceny was discovered, and that certain bystanders, one of whom was a police officer, asserted that there were grounds of suspicion. It will be observed, therefore, that the only circumstances relied on are the declarations of opinion by third persons, and the proximity of the party accused to the place of the discovery of the theft. Such facts do not constitute probable cause, for no prudent man, on such a groundwork, would impute crime to another. The accident of the presence of the plaintiff's wife at the time the money was missed, if unattended with words or conduct of a suspicious cast, was not an incident from which it was justifiable to draw any unfavorable inference, and beyond this the defendant had no ground for his conduct, so far as the facts of the transaction were concerned; for in an affair of this kind, his own suspicions, or those of others, unwarranted by the occurrence in any of its parts, must count as nothing. If the defendant had been informed by eye-witnesses to the scene, that they saw the wife of the plaintiff take the money, or do any act of a strongly suspicious nature, an entirely different case would have been presented. But the facts disclosed in this plea did not, in a legal view, warrant the arrest and im-

prisonment of the wife of the plaintiff. The issue, therefore, on this demurrer must be decided against the defendant.

Judgment for demurrant.